CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 3 1 2010

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EARL BOYD TRUMP, | )<br>) |
| Plaintiff, | )<br>) Case No. 7:10CV00142<br>) |
| v. | )<br>) **MEMORANDUM OPINION**<br>) |
| MONTGOMERY CO. SHERIFF,<br>COMMONWEALTH ATTORNEY<br>(MONTGOMERY COUNTY), | ) By: Glen E. Conrad<br>) United States District Judge<br>) |
| Defendants. | |

Plaintiff Earl Boyd Trump, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his brief complaint, Trump sues the Montgomery County Sheriff and the Commonwealth's Attorney for Montgomery County, alleging that he was denied the right to bring charges of grand larceny against "Jamie Duncan" in Montgomery County court in January 2009 and that the sheriff failed to investigate the matter or to discuss it with Trump's compatriot. As relief, Trump seeks monetary damages. Upon review of the record, the court finds that the complaint must be summarily dismissed.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted [or] seeks monetary relief from a defendant who is immune from such relief." In reviewing the case for possible summary dismissal, the court must accept allegations in the complaint as true and

draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).

Inmates have a guaranteed right to reasonable access to both state and federal courts. Ex parte Hull, 312 U.S. 456 (1941). However, that right extends only to the enforcement of "personal rights in civil litigation." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990). "No citizen has an enforceable right to institute a criminal prosecution" of another person or to challenge the policies of the prosecuting attorney.[1] Id. (citing Linda R. v. Richard D., 410 U.S. 614, 619 (1973)); Walker v. Schmoke, 962 F. Supp. 732, 733 (D. Md. 1997) ("[N]o federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence.") (emphasis omitted); Fulson v. City of Columbus, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). Moreover, a prosecutor has absolute immunity against legal claims for monetary damages for conduct "intimately associated with the judicial phase of the criminal process," such as deciding whether to pursue criminal charges. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir. 1996).

Under these principles, Trump's allegations cannot give rise to any actionable legal claim under § 1983. As a private citizen, he has no right to compel law enforcement officers or officers of the court to investigate or bring criminal charges against another person. Therefore, he cannot bring a lawsuit to enforce his desire for prosecution of that person. In addition, he cannot proceed with his suit for damages against the Commonwealth's Attorney, as this individual is immune from such claims concerning his decision whether or not to prosecute someone.

---

[1] Trump does not allege that jail officials or anyone else prevented him from reporting his criminal complaint against Duncan to police. Indeed, his allegations indicate that he or his designee was able to inform officials of the suspected crime, but that he is simply unhappy with the degree of interest officials demonstrated.

Accordingly, the court concludes that this action must be summarily dismissed with prejudice, pursuant to § 1915A(b), as legally frivolous. An appropriate order will issue this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 31st day of March, 2010.

_____
United States District Judge